**Janet G. HURST, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, Defendant.**

Civ. A. No. 87–2586–S.

United States District Court,
D. Kansas.

Sept. 22, 1988.

**1138**

Merle E. Parks, Kansas City, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Leon J. Patton, Asst. U.S. Atty., Kansas City, Kan., for defendant.

1. The entire amount of the loan was originally offset against the refund due on Hurst and her husband's joint account. However, the government later returned that portion of the refund attributable to Hurst's husband.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss or, in the alternative, motion for summary judgment, and plaintiff's motion for summary judgment. This action arises out of defendant's attempt to collect on plaintiff Janet G. Hurst's ("Hurst") defaulted student loan. The United States Department of Education (USDE) sought to collect on the loan by referring the matter to the Internal Revenue Service (IRS), which in turn offset the debt against Hurst's income tax refund in 1987. Hurst brought this suit, seeking a refund of the offset amount. She claims the debt is unenforceable since the government's efforts to collect it were outside the statute of limitations. Defendant has counterclaimed, seeking to collect the balance due on the loan.[1]

The uncontroverted facts for purposes of this motion are as follows. In 1969 and 1970, Hurst borrowed a total of $500 from Kansas State College of Pittsburg, Kansas,[2] ("the College"), through the National Defense Student Loan Program (NDSL).[3] Hurst failed to make any payments to the College as required by the loan agreement, and the College's collection attempts were unsuccessful. Default occurred sometime in 1974. On June 15, 1981, the College assigned the loan to USDE, pursuant to § 463(a)(5) of the Higher Education Act of 1965, 20 U.S.C. 1087aa–1087hh. On September 15, 1986, USDE notified Hurst that it intended to refer the matter to the IRS for offset of any income tax refund to which she might be entitled in 1987. She did not respond to the notice, and USDE referred the matter to the IRS on January 1, 1987. The IRS offset her refund in March 1987 in the amount of $174.00. USDE still claims that Hurst owes it $520.52, and Hurst claims the government owes her $174.00.

2. Now known as Pittsburg State University.

3. Now known as the National Direct Student Loan Program.

■ The court will first consider whether the government properly offset Hurst's income tax refund. Title 31, United States Code, Section 3720A provides that any federal agency which is owed a "past-due legally enforceable debt" may refer the debt to the IRS for offset against any income tax refund due the debtor. The regulations adopted pursuant to 31 U.S.C. § 3720A provide assistance in determining whether a debt may be subject to a refund offset. 26 C.F.R. § 301.6402–6T(b)(1) provides that a "past-due legally enforceable debt" is one which "has been delinquent for at least three months but has not been delinquent for more than ten years at the time the offset is made." Hurst claims that her debt to the government became "delinquent" in 1974 when she first failed to make the required payments. Therefore, she argues that the debt became unenforceable after ten (10) years, or in 1984. The court is not convinced that the language of the regulations should be interpreted so restrictively. The government did not receive the right to collect on the debt until 1981. It could then be reasonably argued that the debt did not become "delinquent" for purposes of offset requirements until the government obtained that right in 1981. In the case of a private debt later assigned to the government, then, the regulation is ambiguous and of little help.

The confusion is cleared when the court looks to the plain language of the statute. The statute requires that a debt be "legally enforceable" in order to be subject to offset. In its most basic sense, "legally enforceable" means that a party could go to court and obtain a judgment on the debt. If this test is used as a first step, it is easy in the present case to determine whether the debt was lawfully subject to offset.

Title 20, United States Code, Section 1091a(a)(4)(C) provides that the government may file suit "for collection of the amount due from a borrower on a [NDSL] loan ... until 6 years following the date on which the loan is assigned, transferred, or referred to the Secretary [of Education]." Since the government may bring suit to collect a student loan within six (6) years of the date the loan is assigned to the government, the loan is "legally enforceable" during that time. And since the loan in question here was "legally enforceable" for six years after June 15, 1981, it was also properly subject to offset under the provisions of 31 U.S.C. § 3720A. Hurst's loan was offset within those six (6) years—before June 15, 1987—and the government's offset of her income tax refund was proper. To the extent the government seeks dismissal or summary judgment on plaintiff's improper offset claim, the motion will be granted.

■ The government also seeks summary judgment on its counterclaim. After Hurst's income tax refund was offset, Hurst still owed $520.52 on her loan. The government therefore filed this counterclaim to collect that amount. Hurst again claims the government's action is untimely. The government argues in its brief that the counterclaim is proper under the provisions of 28 U.S.C. § 2415(f); that section allows the government to file a counterclaim if the action giving rise to the counterclaim arises out of the same transaction or occurrence as that stated in the original complaint. Even if the provisions of 28 U.S.C. § 2415(f) are met here, Hurst's untimeliness argument defeats this claim. Again the court refers to 20 U.S.C. § 1091a(a)(4)(C), which sets out a six-year limitation period on suits filed to collect defaulted student loans. The limitation period starts at the time the loan is assigned to the government; in this case, the limitation period began running on June 15, 1981. This suit was not filed until November 1987, and an answer was not filed until January 1988. The counterclaim falls outside the limitation period, and the debt is therefore unenforceable. The defendant's motion will be denied as to the counterclaim, and plaintiff's motion for summary judgment will be granted to the extent the counterclaim seeks recovery of the balance of $520.52.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss or for summary judgment is granted in part and denied in part. The motion is

granted on plaintiff's claim. The motion is denied as to defendant's counterclaim. IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted in part and denied in part. The motion is denied on plaintiff's claim. The motion is granted on defendant's counterclaim.