Nadine ROBERTS, Plaintiff,

v.

William BENNETT, in his official capacity as secretary of the United States Department of Education, Defendant.

No. 1–88–CV–1291–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 20, 1989.

Donald Maurice Coleman, Bernard Shanley Dempsey, Jr., Atlanta Legal Aid Soc., Atlanta, Ga., for plaintiff.

Amy Berne Kaminshine, Office of U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case arises out of the interception of plaintiff's income tax refund by the Department of Education in February of 1987. Plaintiff's refund was seized pursuant to 31 U.S.C. § 3720A for an alleged delinquent student loan debt. Plaintiff has brought this action against the Secretary of the Department of Education for the return of her refund. The case is now before the court on both parties' motions for summary judgment.

## FACTS

In January of 1975, Plaintiff (Ms. Roberts) enrolled in the Bryman School for secretarial training which she attended for approximately nine months. While Ms. Roberts asserts in her affidavit that she never obligated herself to pay any student loan while she attended Bryman, the defendant has submitted uncontroverted documentary evidence that Ms. Roberts signed a promissory note and received a loan under the National Direct Student Loan program. Under this program the Federal government advances funds to institutions of higher education for loans to financially needy students. The institution provides a matching contribution, administers the loan fund, and is responsible for collection after the student finishes his or her studies. Plaintiff left the Bryman school in the Fall of 1975. She made no payments on her loan and her obligation fell into default on July 15, 1976.[1] The right to collect on the loan was assigned to the Department of Education on July 30, 1980.

On or about September 22, 1986, Ingram and Associates sent Ms. Roberts a letter requesting immediate payment of the debt stemming from the government insured student loan program and warning her that an income tax offset would be sought if the debt was not settled. Plaintiff alleges that this was the first time that she was made aware of any student loan debt. Plaintiff responded by phoning Ingram and Associates and writing a letter denying the alleged debt and asking for proof of the loan obligation. She was sent a copy of the promissory note which she had apparently signed. On December 1, 1986, Ms. Roberts was sent a final notice demanding payment. On or about February 23, 1987 the Defendant referred Plaintiff's debt to the IRS for offset against Plaintiff's income tax refund. The IRS deducted a total of $1067.82 from Ms. Roberts' tax refund check. The funds were then transferred to the Department of Education and credited against Plaintiff's account balance.

*Statutory Framework*

The National Direct Student Loan program (NDSL) is authorized by the Higher Education Act of 1965, as amended (the HEA). 20 U.S.C. §§ 1087aa–1087hh. Section 1087cc (a)(5) of Title 20 authorizes the institutional lender, the school, to assign a defaulted student loan to the Department of Education if it has been unsuccessful its collection efforts. Section 1087gg authorizes the Secretary of Education to then attempt to collect the debt by any means authorized by law for the collection of debts owed to the United States.

One means of collection available to the United States is the offset of Federal Income tax refunds authorized by 31 U.S.C. § 3720A and 26 U.S.C. 6402(d). These companion statutes provide the process whereby an agency may request that the IRS set off a debt owed the agency from an individual's income tax refund, 31 U.S.C. § 3720A, and imposes a duty upon the Secretary of the Treasury to honor requests from other Federal agencies for these offsets, 26 U.S. C. § 6402(d). Both statutes provide for the offset of federal income tax refunds for "past due legally enforceable debts" after certain notice provisions have been met. The term "legally enforceable" is not defined in either statute or explained in any legislative history.

---

1. There is dispute concerning what action if any was taken to collect the loan in 1975 and 1976.

Title 28 U.S.C. § 2415(a) bars the Federal government from bringing a cause of action founded upon a contract more than six years after the right of action has accrued:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

28 U.S.C. § 2415(a). Sections 2415(f) and 2415(i) provide two exceptions to the statute's limitation. Section 2415(f) allows the government to assert a counterclaim outside the six year statute of limitations when the government's claim arises from the same transaction or occurrence as the claim being asserted against them. In addition, Section 2415(f) allows the government to assert a counterclaim beyond the statute of limitations even if it did not arise out of the same transaction or occurrence alleged in the complaint but only up to the amount asserted by the affirmative claim.

Section 2415(i), added to the statute in 1982, provides another exception to the six year statute of limitations. Subsection (i) states that the limitation established in 2415 does not apply to administrative offsets executed pursuant to 31 U.S.C. § 3716.[2]

In response to the powers granted to it by 26 U.S.C. § 6402(d), the IRS promulgated regulations in 1985. These regulations limit the IRS's interception of tax refunds to debts which have been delinquent for more than three months and less than ten years. 26 C.F.R. § 301.6402–6T.

DISCUSSION

The Plaintiff's Complaint alleges essentially two causes of action: 1) The defendant improperly collected plaintiff's tax refund because Defendant's claim was barred by the statute of limitations contained in § 2415 and thus the debt was not "legally enforceable" under the terms of § 3720A and § 6402(d), and 2) Defendant was time-barred from obtaining a tax refund offset by the IRS's own regulations which limit tax intercepts to debts which have been delinquent for less than ten years. 26 C.F.R. § 301.6402–6T. Though Plaintiff's brief in support of her motion for summary judgment alleges that plaintiff never incurred the student loan debt, that is not a claim alleged in the Complaint. Nor does Plaintiff argue that she was denied Due Process in the set off of her refund.

*Statute of Limitations*

Plaintiff argues that the Department of Education's offset of her income tax refund under 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A is barred by 28 U.S.C. § 2415(a). The facts underlying this claim are not in dispute. The Department of Education did not initiate offset proceedings until February of 1987 well over six years after the loan was first assigned to the department. The question is whether the running of the statute of limitations set forth in § 2415(a) prevents Plaintiff's loan from being a "legally enforceable" obligation.

It is well settled that the running of a statute of limitations merely bars the assertion of a particular remedy outlined in the statute and does not extinguish the underlying claim. *Thomas v. Bennett,* 856 F.2d 1165 (8th Cir.1988). The limitation set forth in § 2415(a) bars the filing of a Complaint to enforce a debt owed to the government after six years, it does not terminate all of the government's rights on a contract claim. Because the debt itself is not extinguished and other avenues are available for its enforcement, the debt remains "legally enforceable" and subject to income tax refund offset. *Thomas,* 856 F.2d 1165; *Gerrard v. U.S. Office of Education,* 656 F.Supp. 570 (N.D.Cal 1987).

In *Thomas v. Bennett,* the Eighth Circuit held that a student loan debt continued to be a legally enforceable obligation even though the time for filing a lawsuit had expired. Debts time-barred under § 2415(a) are nonetheless enforceable by

---

**2.** Title 31 U.S.C. § 3716, also passed in 1982, provides a procedure for the administrative offset of debts by Federal agencies. Under Title 31 administrative offset is limited to debts which have been outstanding for less than ten years, 31 U.S.C. § 3716(c)(1), and tax refund offsets are specifically excluded from coverage, 31 U.S.C. § 3701(d).

law as counterclaims in litigation, § 2415(f), by reports to credit bureaus, by foreclosure on security and through administrative offset. *Gerrard,* 656 F.Supp. 570.

The language of § 2415 clearly imposes a limitation upon the use of judicial procedures to enforce a debt. It does not, however, limit administrative remedies available to the government. Sections 3720A and 6402(d) specify that IRS offset is available not only for judicially enforceable debts but for *all* legally enforceable debts. The court finds that the language of the statutes and the legislative history evinces Congressional intent to allow IRS offset of debts beyond the six year statute of limitations contained in § 2415(a).

*IRS Regulations*

Plaintiff contends that her student loan debt was not legally enforceable within the meaning of the Internal Revenue Service's regulations governing the tax refund offset program. The IRS promulgated regulations for enforcing their refund offset power in 26 CFR 301.6402–6T(b)(1), which provides:

> ... a past due legally enforceable debt which may be referred by a Federal agency to the Service for offset is a debt—
>
> ... (2) Which, except in the case of a judgment debt, has been delinquent for at least three months but has not been delinquent for more than ten years at the time the offset is made.

Plaintiff defaulted on her loan on or about July 15, 1975. Her loan was first assigned to the Department of Education on or about July 30, 1980, and offset was requested and obtained in early 1987. Plaintiff contends that her loan first became delinquent within the meaning of the regulation in July of 1975. Though the regulation itself does not define the term "delinquent", the court finds that the better reading of the regulation provides that the debt cannot become delinquent until it is in the hands of the agency requesting the offset.

The IRS regulations implement a program to collect past due debts owed to a federal agency, 26 U.S.C. § 6402(d). Therefore, it is logical to read the regula-

tion as describing the period of time that the debt has been delinquent as owed to the agency. The IRS provision permits referral only after the debt has been delinquent for more than three months. The surrounding provisions in 301.6402–6T seem to be aimed at ensuring that the agency has used those three months to attempt to collect the debt by other available means. Therefore, it is logical that the delinquency period start counting after the debt is in the hands of the agency, and they have had an opportunity to try to collect the debt.

This interpretation is supported by the one court which seems to have examined the IRS rule. *Hurst v. U.S. Department of Education,* 695 F.Supp. 1137 (D.Kan. 1988). That court suggested that the rule was ambiguous as applied to a private debt that was later assigned to the government. However, *Hurst* held that the regulation should not be interpreted so restrictively that it would prevent a claim which the government has held less than ten years. *Hurst,* 695 F.Supp at 1138.

Because the delinquency period did not start running until June 30, 1980, when the government first obtained the right to collect the debt, the debt was still legally enforceable within the provisions of the regulation.

CONCLUSION

For these reasons, Plaintiff's student loan debt was legally enforceable within the meaning of 31 U.S.C. § 3720A, 26 U.S.C. 6402(d), and the IRS's regulations 26 C.F.R. 301.6402–6T. The government was not time-barred from offsetting Ms. Roberts income tax refund by her student loan debt. Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

So ORDERED.