James L. BOLDEN, Jr., Plaintiff,

v.

EQUIFAX ACCOUNTS RECEIVABLE SERVICES, and United States Department of Education, Defendants.

No. 93–4105–SAC.

United States District Court,
D. Kansas.

Nov. 10, 1993.

James L. Bolden, Jr., pro se.

Morris J. Nunn, Morrison & Hecker, Kansas City, MO, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, for defendant Equifax Accounts Receivable Svc.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for defendant U.S. Dept. of Educ.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motion to dismiss or, in the alternative, for summary judgment filed by the defendant United States Department of Education ("Department"). The pro se plaintiff brought this action alleging the Department is wrongfully taking his federal income tax refunds and applying them towards student loans that he asserts have been paid in full. As relief, the plaintiff seeks damages equal to his income tax refund for last year, a letter of thank-you stating that his student loans have been paid in full, and a corrected credit history.

■ On July 30, 1993, the Department filed its motion. The plaintiff did not file a response until October 18, 1993, more than twenty-five days after the time for filing a response expired. D.Kan.Rule 206(b). If the court extends the time for filing a response or the respondent shows excusable neglect, then a response may be filed after the twenty-day period. D.Kan.Rule 206(g). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan.Rule 206(g). The plaintiff never sought an extension and has made no showing of excusable neglect. For this reason, the court views the Department's motion as uncontested and will accept the facts as true if supported by affidavit or other evidence. For the sake of argument, the court also will consider the allegations and arguments advanced in the plaintiff's response. (Dk. 14).

While a student at DeVry Institute of Technology in 1980 and 1981, the plaintiff took out five student loans under the Federally Insured Student Loan Program ("FISLP"). These loans totaled $3,785. The plaintiff failed to repay the loans, and the creditor, Citibank, declared the plaintiff in default in August of 1982. Pursuant to FISLP, the Department paid the debt owed to Citibank by the plaintiff's default and were assigned the notes. The Department then began efforts to collect on the loans.

In 1986, the Department referred the plaintiff's delinquent account to a private collection agency. In January of 1988, this agency offered to settle the plaintiff's debt for $3,454 if full payment was received by January 25, 1988. The plaintiff wrote back to the agency on January 20, 1988, saying that he could not pay this amount by the twenty-fifth but that he had enclosed a check for $1,000 and intended to pay $200 a month until the sum of $3,400 was paid. There is no evidence of record that the agency accepted the plaintiff's counteroffer to settle the debt on terms different from those originally offered.

The plaintiff managed to make payments totaling $3,200 over the next eleven months. The plaintiff has not made any voluntary payments since December of 1988. In April of 1990, the IRS offset the plaintiff's income tax refund and paid the sum of $396.10 to the Department. In April of 1992, the Department received $780.00 through the same offset procedure. As of July 15, 1993, the Department's records show that the plaintiff owes $2,155.16 of which $1,246.53 is principal, $821.63 is interest, and $87 is administrative charges.

Congress authorized "[a]ny Federal agency that is owed a past-due legally enforceable debt" to give notice of this debt to the Secretary of Treasury who may reduce the amount of any income tax refund by the amount of the debt and pay the same to the federal agency. 31 U.S.C. § 3720A(a), (c). Before using this procedure, the statute requires the federal agency to notify the debtor of this offset procedure, to give the debtor "at least 60 days to present evidence that all or part of such debt is not past-due or not legally enforceable," and to determine that the debt is past due and enforceable after considering the debtor's evidence. 31 U.S.C. § 3720A(b).

Another precondition to an agency's use of this offset program is that it promulgate regulations for using the program. 26 C.F.R. § 301.6402–6(b)(1). The Department has issued regulations that carry out these statutory requirements. 34 C.F.R. §§ 30.20 to 30.35.

In this case, the Department sent form notices to the plaintiff on September 13, 1989, for the 1990 refund offset and on September 11, 1991, for the 1992 refund offset. These notices fully disclosed that any requests for documents must be submitted in writing within twenty days and that any objections must be submitted in writing within sixty-five days. Sent with the notice was a typewritten form for filing an objection which required the debtor only to check the appropriate box and return it. In his complaint, the plaintiff admits that he did not present his claim through any type of administrative procedure within any government agency. (Dk. 2 at 3). In his response to the defendant's motion, the plaintiff's position is different: "Yes, I did receive letters indicating they would IRS Offset to regain this enormous amount of money. I tried to make contact by phone. There were (sic) no one to take my concerns seriously." (Dk. 14 at 4). The plaintiff, however, did not timely respond in writing to the Department's notices.

■ The Department first seeks to dismiss the plaintiff's suit for his failure to exhaust administrative remedies. The Department does not take the position that the relevant statutes require exhaustion of administrative remedies. Even when Congress does not mandate exhaustion, the courts may require it in the exercise of sound judicial discretion. *McCarthy v. Madigan,* —— U.S. ——, ——, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291, 299 (1992). Exhaustion functions in this situation, not as a jurisdictional prerequisite, but as a rule of judicial prudence. *Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir.1990). "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper,* —— U.S. ——, ——, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604, 618 (1993) (citations omitted). The court cannot impose such a requirement without first determining if the exhaustion doctrine would serve here the administrative and judicial interests and then decide whether the individual interests here outweigh these institutional interests. *See McCarthy,* —— U.S. at —— —— ——, 112 S.Ct. at 1087–89, 117 L.Ed.2d at 300–02.

■ Other than quoting the general rule favoring exhaustion in most circumstances, the Department does not discuss these policy interests in any meaningful fashion. Nor does the Department offer precedent involving other administrative proceedings related or relevant to the kind involved here. In its independent review of the law, the court has not found direct precedent for applying the exhaustion doctrine in a suit against a federal agency acting pursuant to 31 U.S.C. § 3720A and 26 U.S.C. § 6402(e). Even if the court were to balance these policy interests in favor of an exhaustion requirement, arguably, the requirement should be waived here since the plaintiff appears to have no administrative recourse on those refunds already offset. Rather than create precedent in uncertain circumstances and without the aid of developed arguments from the parties, the court deems it more prudent to address the motion for summary judgment which is dispositive of the plaintiff's claims against the Department.

■ The court shall grant a motion for summary judgment when a genuine issue of material fact does not exist and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The movant's burden under Rule 56 of the Federal Rules of Civil Procedure is to lay out the basis of its motion and to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). If the moving party meets its burden, then it becomes the nonmoving party's burden to show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.* 939 F.2d

887, 891 (10th Cir.1991). When the nonmoving party will have the burden of proof at trial, as is true here, "Rule 56(e) ... [then] requires the nonmoving party to go beyond the pleadings and by her own affidavits or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Mares v. ConAgra Poultry Co., Inc.,* 971 F.2d 492, 494 (10th Cir.1992) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun,* 956 F.2d 949, 951 (10th Cir.1992) (citations omitted).

Liberally construing the plaintiff's pro se complaint, he alleges that his student loan has been paid in full and, therefore, the defendants' efforts to collect additional monies from him, including offsetting his income tax refunds, are wrongful. The plaintiff does not allege that the Department's use of the offset procedure is wrongful for any other reason.[1]

The Department's motion establishes no genuine issue of material fact. Under FISLP, the plaintiff entered into five promissory notes on which he has defaulted. While he has made some payments on the notes, there is an outstanding balance owed on them totalling $2,155.16 as of July 15, 1993. These facts are supported by documentary evidence, including the Department's computer records, and an affidavit from a Department staff member. The plaintiff has not demonstrated a genuine issue of material fact regarding the fact or the amount of his indebtedness. There is nothing to show that the collection agency ever accepted his counteroffer to settle for an extended payment schedule on the amount of $3400. Even if the agency had, the plaintiff still failed to pay the entire sum of $3400.[2] Having carried its burden of showing that there is no genuine issue of material fact regarding the plaintiff's current student loan debt, the defendant Department is entitled to summary judgment on the plaintiff's claims.

IT IS THEREFORE ORDERED that the Department's alternative motion for summary judgment (Dk. 12) is granted.

---

1. In partially responding to the defendant's exhaustion of administrative remedies argument, the plaintiff offers: "If provided administrative remedies I would not be writing to you today, It (sic) is to their advantage, unmistakingly, that they do not grant me do (sic) process, this way I am obligated to pay full amounts." (Dk. 14 at 4). The plaintiff does not offer any specifics on how the Department denied him due process. The requirement that a debtor file a written objection to initiate the hearing process is neither unreasonable nor onerous. Having failed to take this basic first step, the plaintiff is without a basis to argue the denial of due process.

2. The court understands the plaintiff's indignation and frustration over the Department's continued efforts to collect. He paid $3200 of a proposed settlement of $3454. Granted, it took him a year to pay this amount rather than the twelve days proposed by the collection agency. Despite his efforts, he now still owes in excess of $2100 because his payments were applied in part to cover administrative charges and interest. Both of which are still accruing. Nevertheless, the court is not empowered to extinguish the plaintiff's debt on the basis of his good faith effort to pay it off in 1988. It lies with the Department as the lender to exercise the discretion, good sense and judgment which would end their attempts at full collection.