60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gilmer REECE, Appellant,
v.
Henry CISNEROS, Secretary of Housing and Urban Development, Appellee.
 No. 95-1140.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 D.Md.
 DISMISSED.
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judges.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Housing and Urban Development (HUD) moves to dismiss Gilmer Reece's appeal. Reece opposes.[1] Reece separately moves to transfer the appeal to the United States District Court for the District of Maryland. HUD consents to the motion to transfer.
 
 
 2
 Reece and his wife executed a government-insured retail installment contract in conjunction with their purchase of a manufactured home. See 12 U.S.C. Sec. 1703. General Electric Capital Corporation (GECC) subsequently acquired the loan. The Reeces sold the manufactured home, but remained fully liable for the outstanding debt in the event the new buyers defaulted. The new buyers stopped making payments, and GECC attempted to notify the Reeces of the default. Thereafter, GECC repossessed and sold the home, applying the proceeds to the outstanding debt. GECC then endorsed the contract to the United States and submitted a claim for reimbursement for the outstanding debt to HUD.
 
 
 3
 HUD informed Gilmer Reece that it had determined that the loan was past due and enforceable and that it was referring the debt to the Internal Revenue Service (IRS) for an offset on any federal income tax refund owed to Reece. See 31 U.S.C. Sec. 3720A. Reece filed a request with HUD's Board of Contract Appeals, contesting HUD's determination. See 17 C.F.R. Sec. 17.152. The Board affirmed. Reece petitioned for reconsideration, which the Board denied. This appeal followed.
 
 
 4
 HUD contends the appeal should be dismissed because the Board's order is not a decision issued under the Contract Disputes Act (CDA). This court has jurisdiction over final decisions of an agency's board of contract appeals pursuant to 41 U.S.C. Sec. 607 (g)(1) of the CDA. 28 U.S.C. Sec. 1295(a)(10). The CDA governs contracts entered into by an agency for the procurement of property (other than real property in being), the procurement of services, the procurement of construction, alteration, repair or maintenance of real property, or the disposal of personal property. 41 U.S.C. Sec. 602(a).
 
 
 5
 The loan agreement in this case is not a contract for the direct procurement of property or services by the United States. Procurement contracts are typified by buyer-seller relationship. Pasteur v. United States, 814 F.2d 624, 627-28 (Fed. Cir. 1987). Here, there was no such relationship because there was an assignment of the loan to the United States. See G.E. Boggs & Assocs., Inc. v. Roskens, 969 F.2d 1023, 1027-28 (Fed. Cir. 1992). Moreover, the purpose of the national housing program is to promote the making of loans, thereby encouraging the construction and sale of private housing. Thus, the arrangement between the United States, as guarantor, and GECC was not for the benefit of the federal government and did not involve a government contract for the procurement of property or services. Therefore, the Board's order is not a final decision under the CDA and this court is without jurisdiction.
 
 
 6
 Reece alternatively argues that the case should be transferred to a federal district court. HUD's regulations are silent as to what judicial review, if any, is available to an aggrieved party. See generally 24 C.F.R. Secs. 17.150 to 17.161. However, transfer does not appear to be necessary or appropriate because, if Reece has a right to judicial review, he may file a complaint in a federal district court.[2] See, e.g., Jones v. Cavazos, 889 F.2d 1043 (11th Cir. 1989); Grider v. Cavazos, 911 F.2d 1158 (5th Cir. 1990); Hurst v. United States Dep't of Educ., 901 F.2d 836 (10th Cir. 1990); Blake v. Cisneros 837 F. Supp. 834 (S.D. Tex. 1993); Bolden v. Equifax Accounts Receivable Servs., 838 F. Supp. 507 (D. Kan. 1993); Setlech v. United States, 816 F. Supp. 161 (E.D.N.Y.), aff'd, 17 F.3d 390 (2d. Cir. 1993), cert. denied, 114 S. Ct. 1837 (1994); Foster v. Alexander, 811 F. Supp. 5 (D.D.C. 1993).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) HUD's motion to dismiss is granted.
 
 
 9
 (2) Reece's motion to transfer is denied.
 
 
 10
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 Reece's opposition was due on May 5, 1995. Reece filed an opposition on May 9, 1995, without seeking leave of the court to do so. We treat Reece's opposition as a motion for leave to file an opposition out of time with opposition attached, and grant the motion for leave
 
 
 [2]
 It does not appear that Reece is time barred from filing a complaint in a district court. If a district court in the future dismisses on that ground, then Reece may move this court for reinstatement and transfer