HOLMES, Retired Appellate Judge.
Linda McAfee appeals a summary judgment entered in favor of Unger and Associates, Inc. (the “collection agency”). This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our review of the record reveals the following: In 1987 McAfee applied for, and received, three student loans from Citibank to attend Carver State Technical Trade School. The loans were guaranteed by the Higher Education Assistance Foundation (HEAF) and, ultimately, by the U.S. Department of Education (the “department”). The dates and amounts of the loans are as follows:
1. February 1987 $1,433 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
2. June 1987 $ 427 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
3. September 1987 $1,500 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
Citibank tracks its accounts/loans by a person’s Social Security number. As can be seen from the above, McAfee obtained each loan under a different number and, hence, had three separate accounts. We would note that at some point, McAfee requested that the Social Security numbers be changed to reflect her true Social Security number— 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.
McAfee defaulted on the first two loans, and Citibank presented those loans to HEAF for reimbursement. HEAF paid Citibank the outstanding principal and interest due on the first two loans and assumed the rights to those loans. It is undisputed that McAfee requested, and was granted, a deferral on the third loan, 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, and that she eventually paid it in full.
HEAF was unsuccessful in collecting on the loans and, accordingly, filed its own claim with the department for loan reimbursement. The department reimbursed HEAF for the loans and assumed the loans. The department employed the collection agency, which assisted with the collection efforts against McAfee in regard to at least one of the two defaulted loans. The department, thereafter, referred the matter to the Internal Revenue Service (IRS) for offset.
The IRS, in turn, sent a notice to McAfee, informing her that it had applied her 1993 federal income tax refund in the amount of $1,214 to fully, or partially, satisfy the past-due obligation that the department had referred to the IRS.
Thereafter, McAfee’s attorney sent the department copies of letters from Citibank and HEAF, purporting to show that McAfee had repaid her student loans. McAfee’s attorney also sent the collection agency copies of the letters. The collection agency forwarded the letters to the department, informing it of the dispute. The department, in turn, sent the collection agency a computer printout, indicating that McAfee’s account was in default.
McAfee eventually sued Citibank and the collection agency, alleging that both defendants had negligently and/or wantonly caused her 1993 federal income tax refund to be intercepted and applied toward student loans that, she asserts, had been paid in full. McAfee further alleged that both defendants negligently or wantonly failed to clear her account and caused her credit to be reported as less than satisfactory. McAfee subsequently dismissed Citibank as a defendant.
The collection agency filed a motion for a summary judgment, relying, in part, on the affidavit of Nancy Tarbuck, its general counsel. Tarbuck stated in her affidavit that the collection agency (1) is not a government agency and, thus, does not have the authority to order the IRS to attach income tax refunds; (2) did not direct the IRS to attach McAfee’s income tax refund; (3) did not receive any portion of the proceeds forwarded to the department by the IRS; and (4) made no reports to any credit or consumer reporting agency regarding McAfee’s credit history.
In opposition to the collection agency’s properly supported summary judgment motion, McAfee relied, in part, on inadmissible evidence. Specifically, her affidavit contained vague and eonclusory statements, and the letters that she attached were neither certified, nor authenticated. At the collection agency’s request, the trial court struck certain portions of McAfee’s affidavit.
Following a hearing, the trial court granted the collection agency’s summary judgment motion. In its order, the trial court concluded that McAfee failed to present substantial *625evidence that the loans had been paid in full, because the letters on which she relied were not properly authenticated and constituted inadmissible hearsay. The trial court further noted that the letters failed to establish payment in full on all three student loans.
Notwithstanding its evidentiary rulings, the trial court ultimately concluded that McAfee could not recover against the collection agency, because the collection agency had no involvement in attaching her 1993 federal income tax refund, or in causing her credit history to be reported as less than satisfactory.
McAfee appeals, contending, in part, that the trial court committed reversible error when it entered a summary judgment in favor of the collection agency because, she says, the contents of the letters that she presented created a genuine issue of a material fact as to whether she repaid the student loans.
The dispositive issue on appeal is whether McAfee presented substantial evidence on each of the claims asserted in her complaint. Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. In Chatham v. CSX Transp., Inc., 613 So.2d 341, 343-44 (Ala.1993), our supreme court stated the following:
“Evidence submitted by a nonmovant in opposition to a motion for summary judgment must be in a form admissible in evidence; affidavits must be based on personal knowledge and must contain information that allows more than speculative inferences; documents must be admissible in evidence as either sworn or certified copies. Rule 56(e), Ala. R. Civ. P.; Perry v. Mobile County, 533 So.2d 602, 604 (Ala.1988). A party must move the trial court to strike any nonadmissible evidence that violates Rule 56(e).”
It is undisputed that McAfee paid in full the third loan and received a letter from Citibank to that effect. Hence, we will not consider the authenticity of that letter. The second letter that McAfee presented, dated February 19, 1991, is written on HEAF stationery. This letter indicates that loan number 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 DOl has been paid in full. The third letter is also on HEAF stationery and contains a stamped date that appears to be August 27, 1993. This letter indicates that loan number 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 D02 has been paid in full.
Hence, while the contents of the two letters could have created a genuine issue of a material fact, we are, nevertheless, bound by our supreme court’s holding in Chatham, supra. Specifically, the letters were not certified or properly authenticated; therefore, they constitute inadmissible hearsay and cannot be relied on to defeat the collection agency’s properly supported summary judgment motion.
In any event, we agree with the trial court’s conclusion that, assuming the contents of the letters did create a genuine issue of a material fact, McAfee, nevertheless, cannot recover against the collection agency, because the collection agency had no involvement in attaching her 1993 federal tax refund. The trial court correctly noted the following:
“[McAfee’s] federal income tax refund was attached pursuant to the applicable federal regulations governing such. The applicable federal regulations provide, among other things, that such attachment of an income tax refund can be carried out only by federal government agencies such as the U.S. Department of Education. The U.S. Department of Education has promulgated its own regulations governing the use of the I.R.S. tax offset procedures. (34 C.F.R. §§ 30.20-30.35 (1996)). Section [30.20(a)] and its related regulations do not allow private entities such as [the collection agency] to utilize the tax refund offset provisions. Linda McAfee did not submit a ‘Request for Review* pursuant to the Department of Education tax offset procedures until October 23, 1995. This Request for Review came after the attachment of her 1993 federal income tax refund, which attachment occurred in February 1994.”
In other words, McAfee’s claim — that the collection agency negligently and wantonly *626caused the IRS to attach her 1993 federal income tax refund — must fail as a matter of law. For a more detailed discussion of the applicable federal regulations, see Jones v. Cavazos, 889 F.2d 1043 (11th Cir.1989).
Furthermore, McAfee failed to offer any evidence that the collection agency negligently and/or wantonly failed to clear her account or caused her credit to be reported as less than satisfactory. The collection agency, under its contract with the department, had a duty to attempt to collect on the defaulted loans. As noted previously, the collection agency informed the department of the dispute and forwarded McAfee’s evidence to the department. The department, in turn, informed the collection agency that McAfee was, in fact, in default on at least one of her student loans.
Clearly, the collection agency cannot be faulted with the department’s findings and conclusions. Additionally, McAfee presented no evidence that the collection agency forwarded any information to any credit or consumer reporting agency regarding her account, thereby causing her credit history to be reported as less than satisfactory.
In light of the foregoing, the trial court was correct in entering a summary judgment in favor of the collection agency. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.