**Josephine M. GERRARD, Plaintiff,**

**v.**

**UNITED STATES OFFICE OF EDUCATION; California Educational Loan Program, Defendants.**

**No. C–86–4484–WWS.**

United States District Court,
N.D. California.

March 23, 1987.

Josephine M. Gerrard, pro se.

George L. Bevan, Jr., Asst. U.S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

### INTRODUCTION

Plaintiff brought this action against defendants United States Department of Education ("DOE," formerly known as the Office of Education) and California Educational Loan Program ("CELP") to recover tax refunds forwarded by the Internal Revenue Service ("IRS") and Franchise Tax Board to defendants on account of plaintiff's defaulted student loans. Plaintiff claims that the collection of her debt in this manner is barred by the statute of limitations and that she did not receive notice of DOE's intention to collect her tax refund. Plaintiff and DOE have filed cross-motions for summary judgment. CELP has received service of process but has not yet appeared.

### FACTS

Between March 1972 and December 1976, plaintiff received $7,865 in student loans from Great Western Savings and Loan Association ("Great Western"). DOE guaranteed repayment of these loans under the Federally Insured Student Loan Program of the Higher Education Act of 1965.

Under the terms of the promissory notes signed by plaintiff, her obligation to repay the loans commenced in March 1978, but Great Western, at plaintiff's request, granted an extension to June 1978. From July to November 1978, Great Western sent plaintiff repeated requests for payment. Plaintiff did not respond. In October 1978, Great Western sent plaintiff a letter notifying her that her loans were in default, that Great Western was exercising its right to accelerate payment, and that Great Western would submit her account to the federal government for collection if she did not promptly meet her obligations. When plaintiff still did not respond, Great Western filed a claim against DOE on its guarantee. DOE paid this claim in January 1979. Since that time, DOE has made repeated but unsuccessful efforts to collect payment from plaintiff. From 1979 until

1986, plaintiff did not respond to any of DOE's letters.

The Deficit Reduction Act of 1984, Pub.L. No. 38–369, § 2653(a)(1), 98 Stat. 494, 1153 (codified at 31 U.S.C. § 3720A; 26 U.S.C. § 6402(d)), established a two-year program allowing federal agencies to collect delinquent debts by offset against federal income tax refunds. The Act requires an agency to provide its debtor with notice and sixty days to respond in writing before submitting a request for offset to the Secretary of the Treasury. 31 U.S.C. § 3720A(b).

DOE computer records show that a letter notifying plaintiff of its intention to refer her debt to IRS was sent on August 11, 1985. Those records indicate that the notice was sent to a San Luis Obispo address. Plaintiff was at that time living at an Oakland address, but she admits that her mother lived at the San Luis Obispo address and forwarded plaintiff's mail to her. Plaintiff alleges in her complaint and her brief that she did not receive pre-offset notice. On or about March 31, 1986, IRS forwarded plaintiff's income tax refund of $67.60 to DOE and sent plaintiff notice of the offset to the Oakland address. On April 3, 1986, plaintiff sent DOE a letter objecting to the offset. After DOE refused to pay plaintiff her refund, she filed this action.

## DISCUSSION

### A. *Subject Matter Jurisdiction*

Plaintiff, proceeding pro se, does not state the basis for jurisdiction over either defendant in her complaint. DOE also does not address the issue. Under the Eleventh Amendment, the Court lacks subject matter jurisdiction over the state defendant, CELP. The Court, however, has jurisdiction over DOE under the Tucker Act.

■ The Eleventh Amendment bars a suit directly against a state, unless the state has waived sovereign immunity. *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982). A state is the real party in interest in a suit naming a state if the plaintiff seeks a "retroactive award which requires the payment of funds from the state treasury." *Quern v. Jordan,* 440 U.S. 332, 347, 99 S.Ct. 1139, 1148, 59 L.Ed.2d 332 (1979). Although it is unclear whether the Eleventh Amendment bar is jurisdictional, *see* C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3524, at 170 (2d ed. 1984), it " 'sufficiently partakes of the nature of a jurisdictional bar' " for a court to raise the issue sua sponte, *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353, 1361 n. 14 (9th Cir.1977) (quoting *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974)), *rev'd on other grounds,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). Since plaintiff seeks an award payable out of the state treasury, her action against CELP is dismissed.[1]

■ The Tucker Act provides that district courts shall have original jurisdiction, concurrent with the Claims Court, over:

Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort: ....

28 U.S.C. § 1346(a)(2). In noncontract cases under the act, a plaintiff must establish either (1) that a specific provision of federal law confers a substantive right to damages or (2) that money paid to the government by plaintiff has been exacted

---

1. Plaintiff does not state the legal basis for her claim against CELP, but her federal cause of action against CELP is essentially a § 1983 claim for damages for the deprivation under color of state law of her Constitutional right to procedural due process. She claims that the state deprived her of her tax refund without prior notice or a hearing. Congress has the power to limit state sovereign immunity in exercising its enforcement powers under the Fourteenth Amendment, *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976), but Congress has chosen not to abrogate sovereign immunity in § 1983 actions, *McConnell v. Critchlow,* 661 F.2d 116, 117 (9th Cir.1981).

or is retained in violation of federal law. *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1007–08 (1967); 1 J. Moore, Moore's Federal Practice ¶ 0.65[2.–3], at 700.108 (2d ed. 1986); *see United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976) (since respondents did not seek return of money paid to the government, they had to establish that a statute gave them a right to damages); *Simons v. United States,* 497 F.2d 1046, 1049 (9th Cir. 1974) (relief from unlawful forfeiture available under Tucker Act). Plaintiff's claim for return of a portion of the taxes she paid to the government clearly falls within the latter jurisdictional grant.[2]

### B. *Statute of Limitations*

Section 2415(a) of Title 28 provides that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues...." Plaintiff argues that DOE's offset of her tax refund under 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A is barred by § 2415(a). The facts underlying this claim are undisputed. DOE did not initiate offset proceedings until August 1985, more than six years after it acquired its right of action. The statute of limitations issue thus presents a pure question of law: whether § 2415(a) applies to the offset of a nontax debt against a tax refund under §§ 6402(d) and 3720A.

The language of § 2415(a) supports the government's position that the section does not apply to tax refund offsets. The use of the phrase "action for money damages" indicates that the bar applies to judicial, not administrative, proceedings, as does the requirement that the government "file a complaint" within six years. Moreover, this interpretation finds support in the legislative history. According to the Senate Report accompanying the act, the purpose of § 2415 is "to provide a more balanced and fair treatment of *litigants* in *civil actions* involving the government." S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News 2502, 2503.

█ The maxim *expressio unius est exclusio alterius* arguably supports plaintiff's position that the statute applies. Section 2415 incorporates two exceptions to the statute of limitations for other forms of offset. Under § 2415(f), the six-year limitations period is not applicable to offset claims asserted by the government as a defendant in civil suits. Section 2415(i) provides that the statute does not bar administrative offsets under 31 U.S.C. § 3716.[3] The enumeration of these specific exclusions suggests that the statute of limitations should apply to all offsets not specifically excluded, including tax refund offsets. *See Cash Currency Exchange v. Shine,* 762 F.2d 542, 552 (7th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *see also Andrus v. Glover Constr. Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980).

The maxim *expressio unius est exclusio alterius,* however, is only an aid to statutory construction, not a rule of law. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* — U.S.

---

**2.** The subsection of the Tucker Act granting jurisdiction to hear claims for tax refunds, 28 U.S.C. § 1346(a)(1), is inapplicable. Section 6402(e) of Title 26 provides that an action to recover a refund offset under section 6402(d) may not be brought against the Secretary of the Treasury and shall not "be considered to be a suit for refund of tax." That section further provides that it "does not preclude any legal, equitable, or administrative action brought against the Federal agency to which the amount of such reduction was paid." Plaintiff, in bringing this suit against DOE, thus has named the proper defendant.

**3.** Section 3716(a) provides that "the head of an executive or legislative agency may collect [a claim arising out of the activities of the agency] by administrative offset." The section does not apply to the offset of nontax debts against tax refunds. *See* 31 U.S.C. § 3716(c)(2).

Congress adopted § 2415(i) in response to a Justice Department determination that the six-year statute applied to administrative offsets under § 3716. *See* S.Rep. No. 378, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Admin.News 3377, 3392–93. There is no indication in the legislative history that Congress agreed with the department's interpretation.

——, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The controlling consideration is legislative intent. *Id.* Since "[n]ot every silence is pregnant," *expressio unius* is an uncertain guide to interpretation. *Illinois Dep't of Pub. Aid v. Schweiker,* 707 F.2d 273, 277 (7th Cir.1983). In this case the maxim is in fact valueless as an aid in discerning the will of Congress. Congress first adopted § 2415, including the exception for offsets asserted as defenses in civil actions, in 1966, *See* Act of July 16, 1966, Pub.L. No. 89–505, § 1, 80 Stat. 304, 304–05, and added the exception for administrative offsets in 1982, *see* Debt Collection Act of 1982, Pub.L. No. 97–365, § 9, 96 Stat. 1749, 1754. Congress did not adopt the tax refund offset provision until 1984. Since Congress did not consider the statute of limitations, the exceptions to the statute, and §§ 6402(d) and 3720A as one legislative package, there is no reason to assume that Congress deliberately chose not to exclude tax refund offsets from the statute's operation. *Cf. Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the *same Act,* it is generally presumed that Congress acts intentionally....'" (quoting *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir.1972)) (emphasis added). The Court should therefore give effect to the Congressional intent, manifested in the statutory language and legislative history, that § 2415(a) apply only to civil actions.

The use of the phrase "legally enforceable debt" in §§ 6402(d) and 3720A does not alter this analysis. "Legally" is defined as "[l]awfully; according to law," Black's Law Dictionary 805 (5th ed. 1979), and "enforce" means "[t]o put into execution; to cause to take effect; ... as, to enforce ... the collection of a debt," *id.* at 474. Although § 2415 bars the govern-

ment from bringing a civil action to enforce plaintiff's debt, the government still has lawful means of collecting the debt. "Statutes of limitations generally cut off the remedy without extinguishing the right." *Osmundsen v. Todd Pacific Shipyard,* 755 F.2d 730, 733 (9th Cir.1985); *see Renner v. Rockwell Int'l Corp.,* 587 F.2d 1030 (9th Cir.1978). Section 2415(a) in particular cuts off the remedy of a civil action on a debt brought by the government, but leaves open many other means of enforcing the government's right. The government can proceed by administrative offset; it can assert offset as a defense in a civil action brought by the debtor; and it can foreclose on a mortgage securing the debt, *Cracco v. Cox,* 66 A.D.2d 447, 414 N.Y.S.2d 404 (1979). The phrase "legally enforceable" therefore does not mean "not barred by the statute of limitations."

The regulation adopted by the Secretary of the Treasury to establish the procedure for submission of requests for offsets supports this interpretation. "Legally enforceable" is defined in 26 C.F.R. § 301.6402–6T(b)(1) to mean a debt "which ... has been delinquent for at least three months but has not been delinquent for more than ten years at the time the offset is made." This interpretation is entitled to deference. *See McDonald v. Commissioner of Internal Revenue,* 764 F.2d 322, 328 (5th Cir. 1985).[4]

■■■ Plaintiff makes two additional arguments which are clearly without merit. First, she contends that offset under §§ 6402(d) and 3720A is barred by the California statute of limitations. The United States, however, is not subject to state statutes of limitations. *United States v. John Hancock Mutual Life Ins. Co.,* 364 U.S. 301, 309, 81 S.Ct. 1, 6, 5 L.Ed.2d 1 (1960); *United States v. Summerlin,* 310 U.S. 414, 416–17, 60 S.Ct. 1019, 1020, 84

---

**4.** The regulation does not, however, have the full force of law, as the government contends. The tax refund offset statute gives the Secretary the authority to establish procedures for the submission of requests for offsets. 31 U.S.C. § 3720A(d). It does not authorize the Secretary to define the statutory terms. The Secretary thus adopted regulation 301.6402–6T(b)(1) pursuant to his general authority to "prescribe all needful rules and regulations." 26 U.S.C. § 7805(a). The regulation is therefore due less deference than would be the case had Congress expressly delegated the power to define the phrase "legally enforceable" to the Secretary, *McDonald,* 764 F.2d at 328–29.

L.Ed.2d 1283 (1940). Second, she argues that it is a denial of due process to revive a claim which is time-barred. The Supreme Court has held that where a statute of limitations both extinguishes the right and bars the remedy, it is a denial of due process to revive a time-barred claim. *William Danzer & Co. v. Gulf & Ship Island R. Co.*, 268 U.S. 633, 636–37, 45 S.Ct. 612, 613, 69 L.Ed. 1126 (1925). But where, as here, the statute only cuts off a particular remedy, extending the statute does not violate due process. *Osmundsen v. Todd Pacific Shipyard*, 755 F.2d 730, 733 (9th Cir. 1985). DOE is therefore entitled to summary judgment on this issue.

### C. *Notice*

Section 3720A(b)(1) requires an agency to notify a debtor before submitting a claim for offset to the Secretary of the Treasury. Plaintiff claims that she never received notice. DOE claims that its computer records show that notice was mailed.

The statute does not require any particular form of notice. Accordingly, the government has adequately notified plaintiff of its intention to submit a claim for offset, if it satisfies the due process requirement of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The mail is generally held to be an adequate means of providing notice under this standard. *Greene v. Lindsey*, 456 U.S. 444, 455, 102 S.Ct. 1874, 1880, 72 L.Ed.2d 249 (1982); *Mullane*, 339 U.S. at 319, 70 S.Ct. at 659. DOE's computer records establish that it sent notice to an address from which plaintiff's mail was regularly forwarded. Since DOE took reasonable steps to notify plaintiff, whether or not she actually received notice is immaterial. Under the undisputed facts, DOE is therefore entitled to summary judgment on this issue as well.

Summary judgment in favor of defendant DOE is granted. Defendant CELP is dismissed from the action for want of subject matter jurisdiction.

IT IS SO ORDERED.