856 F.2d 1165
 62 A.F.T.R.2d 88-5629, 57 USLW 2192, 88-2
USTC P 9539,
49 Ed. Law Rep. 63
 Deborah THOMAS, on Behalf of herself and all other persons
similarly situated, Appellant,
v.
William BENNETT, Secretary of the United States Department
of Education, Appellee.
 No. 87-5273.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 16, 1988.
Decided Sept. 15, 1988.
 
 Timothy L. Thompson, Minneapolis, Minn., for appellant.
 Harold B. Jenkins, Washington, D.C., for appellee.
 Before LAY, Chief Judge, BROWN,* Senior Circuit Judge, and BEAM, Circuit Judge.
 BEAM, Circuit Judge.
 
 
 1
 This appeal challenges the authority of the Secretary of Education (the Secretary) to collect defaulted federally guaranteed student loans through offset against borrowers' federal income tax refunds after the statute of limitations on judicial enforcement of the obligation has run. The district court[1] determined that such action is permitted under the pertinent federal statutes and granted summary judgment in favor of the Secretary. We affirm.
 
 BACKGROUND
 
 2
 In 1976, appellant Deborah Thomas received a federally guaranteed student loan in the amount of $825.00 to attend secretarial school. Upon completion of her course of study, Thomas was unable to find a job or to repay her student loan. Subsequent collection efforts proved unsuccessful because of an inability to locate Thomas. No further action was taken by the government until 1985, when the Secretary notified the Secretary of the Treasury of the obligation and requested that any income tax refund due Thomas be offset against amounts owing on the loan pursuant to 26 U.S.C. Sec. 6402(d). Thomas' entire 1985 refund was then diverted to the Secretary and applied towards the outstanding balance due on the loan. The same procedure was initiated in 1986, at which time Thomas filed this suit against the Secretary, contending that the proposed offset was improper because the applicable statute of limitations had run. Thomas asked for declaratory and injunctive relief against the Secretary to prevent the collection of her arrearages through the tax refund offset procedure. While the lawsuit was pending, the Internal Revenue Service executed the offset against Thomas' 1986 tax refund and forwarded the funds to the Secretary. There remains a small balance due on the obligation even after this second credit.
 
 
 3
 Upon consideration of the issues presented, the district court granted summary judgment in favor of the Secretary on the merits of Thomas' claims. Thomas appeals.
 
 DISCUSSION
 1. Jurisdiction
 
 4
 Before reaching the merits of this dispute, we must address two jurisdictional arguments raised by the Secretary. The first involves 26 U.S.C. Sec. 6402(e), which provides:
 
 
 5
 No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) or (d). * * * This subsection does not preclude any legal, equitable, or administrative action against the Federal agency to which the amount of such reduction was paid.
 
 
 6
 The Secretary argues that Thomas' claim is one to restrain or review a refund setoff, and is within the purview of section 6402(e). Thomas asserts, on the other hand, that her claim is against the Secretary of Education, not the Secretary of the Treasury, and thus falls within the last sentence of the statute which permits the asserted claim.
 
 
 7
 We believe the better analysis of this issue is that forwarded by Thomas. Section 6402(e) prohibits suits brought to restrain or review a reduction authorized by part (d) of the statute, which part is directed exclusively towards the Secretary of the Treasury.[2] It is the Secretary of the Treasury who executes the actual setoff, and thus it is the Secretary of the Treasury who is necessarily the target of the first sentence of section 6402(e). Thomas' lawsuit is directed not against the Secretary of the Treasury but against the Secretary of Education, the head of the agency requesting that the I.R.S. make the reduction. It asks that the court review the agency's request that the setoff be made, not the actual setoff itself. As such, we believe Thomas' claim is not prohibited by the first sentence of section 6402(e).
 
 
 8
 This result is in accord with the underlying purpose of the statute. The jurisdictional limitation in section 6402(e) was intended to relieve the Secretary of the Treasury from the burden of handling challenges to the substantive merits of debts underlying requested refund setoffs. Congress determined, reasonably so, that the appropriate place for litigation of these claims is with the agency to whom the obligation is owed. See Satorius v. United States Dep't of Treasury-Internal Revenue Serv., 671 F.Supp. 592, 594 (E.D.Wis.1987) ("In enacting Sec. 6402(e), Congress clearly recognized that the IRS does not have the information and resources needed to adjudicate the validity" of the underlying obligation.); Richardson v. Baker, 663 F.Supp. 651, 654 (S.D.N.Y.1987) (Secretary of the Treasury must avoid administrative burden of adjudicating challenges to refund offsets if intercept program is to function efficiently). Section 6402(e) only prohibits actions directed at the Secretary of the Treasury during the time the refund setoff is being processed. It does not prohibit lawsuits, like the present one, against the originating agency over the validity of the request to execute an offset.
 
 
 9
 The program, therefore, does not preclude any challenge to the transferee agency, constitutional or otherwise, either before or after the debt is submitted for collection. The only restraint on jurisdiction is during the time the debt and potential reduction is being processed by the Secretary of the Treasury pursuant to the program.
 
 
 10
 Richardson, 663 F.Supp. at 654. Because Thomas' suit was brought against the department requesting the setoff, it is properly within the jurisdiction of this court.
 
 
 11
 The Secretary's second jurisdictional argument challenges Thomas' request for injunctive relief against the Secretary. The Secretary relies upon 20 U.S.C. Sec. 1082(a)(2), which states, with respect to the Secretary's performance of duties under the Guaranteed Student Loan Program, that "no * * * injunction * * * shall be issued against the Secretary or property under the Secretary's control * * *." We agree with the Secretary that this provision prohibits Thomas' claim for injunctive relief in this case. However, in her complaint, Thomas also requested declaratory relief and "such other relief as is just and equitable." It was proper, notwithstanding this statute, for the district court to consider the propriety of allowing these additional forms of relief.
 
 2. Mootness
 
 12
 The Secretary has also suggested that Thomas' claims may be moot, although he urges us to reach the merits in any event. Because the existence of an actual case or controversy is a constitutional requirement to which we must adhere, we find it necessary to address the issue.
 
 
 13
 The Secretary suggests that because the act which Thomas sought to prevent has taken place, the diversion of her 1986 tax refund to the Secretary, Thomas' claim has become moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Steele v. Van Buren Pub. School Dist., 845 F.2d 1492, 1494 (8th Cir.1988) (quoting Powell v. McCormack, 395 U.S. 486, 496-97, 89 S.Ct. 1944, 1950-51, 23 L.Ed.2d 491 (1969)). See Carson v. Pierce, 719 F.2d 931, 933 (8th Cir.1983). While the need for an injunction has been alleviated by the events occurring subsequent to the filing of the complaint in this case, Thomas' request for declaratory relief remains at issue. There currently exists a live controversy between the parties as to the propriety of the refund offset, which may be subject to the remedies prayed for in the complaint. If we were to find the refund offset improper, there exists numerous avenues by which the transaction may be rescinded. See, e.g., 31 U.S.C. Sec. 3720A(e) (providing for return of erroneous setoff payments back to the Secretary of the Treasury).
 
 
 14
 In addition, we believe this case fits well within the classic exception to the mootness doctrine for disputes which are "capable of repetition, but evading review." See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 602-03, 102 S.Ct. 2613, 2618, 73 L.Ed.2d 248 (1982); Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712-13, 35 L.Ed.2d 147 (1973). The Secretary has twice utilized the intercept procedure on Thomas' tax refunds, and has yet to fully satisfy Thomas' obligation. There is a strong likelihood that the procedure will be used again, so long as there remains an amount owed. Further, given the unavailability of injunctive relief against the Secretary, it is also likely that the offset will have been executed, as in the present case, by the time judicial proceedings have been fully resolved. We find, therefore, that this case has not been made moot by the transfer of funds to the Secretary, and turn to the merits.[3]
 
 3. Propriety of the Setoff
 
 15
 Thomas' argument that the tax refund setoff was improper hinges upon the meaning of the words "legally enforceable debt" in section 6402(d). The statute authorizes the Secretary of the Treasury to execute setoffs only upon notice from an agency that a "named person owes a past-due legally enforceable debt" to the agency. Thomas' contention is that because the statute of limitations had run on Thomas' student loan, it was no longer "legally enforceable" at the time of the offset.
 
 
 16
 The statute of limitations relied upon by Thomas reads as follows:
 
 
 17
 [E]very action for money damages brought by the United States * * * which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues * * *.
 
 
 18
 28 U.S.C. Sec. 2415(a). There is no dispute that the offsets involved here took place more than six years after the government's cause of action with regard to the student loan accrued against Thomas. The question is whether the running of the limitations period set forth in section 2415(a) prevents Thomas' obligation from representing a "legally enforceable debt" within the meaning of section 6402(d). We agree with the district court that it does not.
 
 
 19
 The limitation set forth in section 2415(a) does not terminate all of the government's rights on a contract claim after six years, but merely eliminates one potential remedy--the filing of a lawsuit seeking money damages. There are numerous avenues by which the underlying obligation embodied in the contract may be enforced after the six year period. For example, section 2415 provides that the limitation period set forth in part (a) does not prohibit the assertion of the obligation as a counterclaim in a suit brought against the United States, or by way of offset. 28 U.S.C. Sec. 2415(f). The statute of limitation can be differentiated from events which would extinguish the underlying obligation, such as discharge in bankruptcy, statutory discharge by reason of death or disability, or the successful assertion of defenses such as fraud in the inducement or failure of consideration. See, e.g. Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945); Osmundsen v. Todd Pac. Shipyard, 755 F.2d 730, 733 (9th Cir.1985) (statutes of limitation generally cut off the remedy without extinguishing the right). "Section 2415(a) in particular cuts off the remedy of a civil action on a debt brought by the government, but leaves open many other means of enforcing the government's right. * * * The phrase 'legally enforceable' therefore does not mean 'not barred by the statute of limitations.' " Gerrard v. United States Office of Educ., 656 F.Supp. 570, 574 (N.D.Cal.1987). Thomas has not asserted that her loan has become substantively unenforceable. Despite the fact that the government may no longer file a lawsuit against Thomas, her obligation remains a "legally enforceable debt" within the meaning of section 6402(d), and was properly the basis for the government's exercise of tax refund setoffs pursuant to that provision.[4]
 
 CONCLUSION
 
 20
 The decision of the district court dismissing Thomas' complaint is affirmed.
 
 
 
 *
 The Honorable JOHN R. BROWN, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 There are two separate statutes which embody the tax refund offset program, 26 U.S.C. Sec. 6402(d) and 31 U.S.C. Sec. 3720A. Section 6402(d) imposes a duty upon the Secretary of the Treasury, who has responsibility for the operations of the Internal Revenue Service, to honor requests for offsets from other federal agencies. Section 3720A imposes related duties upon other agencies to request such offsets in accordance with specified procedures. The jurisdictional limitation is found only in the statute which is directed towards the Secretary of the Treasury
 
 
 [3]
 We also note that to declare this matter moot would result in a needless waste of judicial resources. Identical issues could be raised in a new lawsuit seeking return of the intercepted funds from the Secretary
 
 
 [4]
 We note that the Secretary of the Treasury has promulgated a regulation which, as a matter of policy, states that the setoff procedure will not be used to satisfy an obligation which has been delinquent for more than ten years at the time the offset is made. 26 C.F.R. Sec. 301.6402-6T(b)(2). This does, we think prudently, place limits upon use of the offset procedure for obligations older than ten years