**Janet G. HURST,**
**Plaintiff–Counterclaim**
**Defendant–Appellee,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION,**
**Defendant–Counterclaimant–Appellant.**

No. 88–2868.

United States Court of Appeals, Tenth Circuit.

April 12, 1990.

Rehearing Denied June 12, 1990.

Jennifer H. Zachs (John R. Bolton, Asst. Atty. Gen., Benjamin L. Burgess, Jr., U.S. Atty., William Kanter and Barbara C. Biddle, Attys., with her on the briefs), Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-counterclaimant-appellant.

Merle E. Parks, Kansas City, Kan. (on the brief), for plaintiff-counterclaim defendant-appellee.

Before McKAY, SEYMOUR, Circuit Judges, and KANE,* Senior Judge.

PER CURIAM.

The Department of Education (DOED) appeals from an order of the district court, published at *Hurst v. United States Dep't of Educ.,* 695 F.Supp. 1137 (D.Kan.1988), granting plaintiff summary judgment on DOED's counterclaim for the balance due on plaintiff's defaulted student loan. The district court's concomitant ruling, granting DOED summary judgment on plaintiff's underlying suit for recovery of a portion of the same loan debt already offset by the IRS against her tax refund pursuant to 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A, has not been appealed by plaintiff. Consequently, we express no opinion on the district court's analysis and disposition of this legally antecedent claim.

---

* Honorable John L. Kane, Senior Judge, United States District Judge for the District of Colorado, sitting by designation.

DOED has articulated the issue raised by this appeal as: "Whether the six-year limitations period for the Attorney General to 'bring suit' on a defaulted federally-funded student loan (20 U.S.C. § 1091a(a)(4)(C)) governs the assertion of a counterclaim by the Department of Education in litigation brought by the debtor." [1] More specifically, DOED's argument is that because § 1091a(a)(4)(C) expressly limits only when "the Attorney General may *file suit* [to enforce student loan obligations on behalf of DOED]" and makes no reference to counterclaims interposed by DOED in actions brought against it, the six-year limitations period specified therein has no application to the counterclaim asserted by DOED in this case.

DOED fails to cite a single authority interpreting either § 1091a(a)(4)(C) or any similar statute in the restrictive sense it seeks to establish here. The decisions it relies upon in this regard, *Thomas v. Bennett*, 856 F.2d 1165 (8th Cir.1988) and *Gerrard v. United States Office of Educ.*, 656 F.Supp. 570 (N.D.Cal.1987), are inapposite for two reasons. First of all, these cases concern the availability of the administrative offset remedy granted the IRS in § 6402(d), not DOED's right to assert counterclaims in legal proceedings. Indeed, both opinions take pains to emphasize that the operative "legally enforceable debt" requirement of § 6402(d) is quite independent of statute of limitations barriers and may, accordingly, be satisfied even where the government's underlying claim would clearly be barred in legal proceedings. *See Thomas*, 856 F.2d at 1169; *Gerrard*, 656 F.Supp. at 574. Secondly, while these two cases do discuss the limitations period imposed by 28 U.S.C. § 2415(a) (damages action in contract must be brought by United States within six years of accrual) to show that, even as to statutorily barred claims, "the government still has lawful means of collecting the debt," *Gerrard*, 656 F.Supp.

at 574, including "assertion of the obligation *as a counterclaim* ... or by way of offset," *Thomas*, 856 F.2d at 1169 (emphasis added), § 2415 differs from § 1091a in one obvious and crucial respect. Congress explicitly chose to qualify the limitations provisions of § 2415 so as to permit "the assertion, in an action against the United States ... or agency thereof, of any claim of the United States ... or agency thereof against an opposing party ... that arises out of the [same] transaction or occurrence," § 2415(f), but no such qualification has ever been attached to § 1091a. Consequently, the recognition in *Thomas* and *Gerrard* that the government's expired claims could still be enforced as counterclaims or by offsets is based on the peculiarities of § 6402(d) and § 2415(a) and (f), and is of no analytical value here.

■ That leaves us with the unconditional language of § 1091a and general principles of federal limitations law. It is fairly well established under the latter that a counterclaim for affirmative relief, such as DOED's claim for the remainder of plaintiff's loan debt, is subject to the operation of pertinent statutes of limitation. *See, e.g., Chauffeurs, Teamsters, Warehousemen & Helpers v. Jefferson Trucking Co.,* 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *United States for Use of Bros. Builders Supply Co. v. Old World Artisans, Inc.,* 702 F.Supp. 1561, 1569 (N.D.Ga.1988); *Vari-Build, Inc. v. City of Reno,* 622 F.Supp. 97, 99 (D.Nev. 1985); *Nalley v. McClements,* 295 F.Supp. 1357, 1360 (D.Del.1969). *See generally,* 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1419 at 151 (2d ed. 1990) ("Of course, if defendant's [counter]claim already is barred when plaintiff brings his suit, ... the fact that the tardily asserted claim is a compulsory counter-

---

**1.** The district court's opinion reports the following undisputed chronological facts pertinent to the issue raised by DOED: (1) plaintiff ceased payment on her student loan obligation in 1974; (2) DOED was assigned the right to collect on the debt on June 15, 1981; (3) this action was commenced in November of 1987; and (4) DOED filed its answer in January of 1988 (its counterclaim was added by an unopposed oral motion granted at the pretrial conference held June 27, 1988). *See Hurst,* 695 F.Supp. at 1139.

claim does not serve to revive defendant's right to assert it.'').

■ The general rule identified above has been applied on numerous occasions to government counterclaims in various settings. *See, e.g., Holcomb v. United States,* 543 F.2d 1185, 1186–87 (7th Cir.1976); *Miller v. United States,* 399 F.2d 881, 882–83 (6th Cir.1968); *Mariner v. United States,* 1 Cl.Ct. 430, 435–36, *aff'd,* 727 F.2d 1118 (Fed.Cir.1983); *DFDS Seacruises (Bahamas) Ltd. v. United States,* 676 F.Supp. 1193, 1207 (S.D.Fla.1987); *Flying Tiger Line, Inc. v. United States,* 170 F.Supp. 422, 425, 145 Ct.Cl. 1 (1959). We see no compelling reason to deviate from this line of authority here.[2] Accordingly, we agree with the district court that § 1091a applies to the loan enforcement claims specified therein, even if they are asserted by DOED as counterclaims.

The judgment of the United States District Court for the District of Kansas entered for plaintiff on DOED's counterclaim is AFFIRMED.

---

2. DOED's attempt to read into § 1091a the counterclaim exception set out in § 2415(f) is not persuasive. That exception is expressly restricted to the "[limitations] provisions *of this section* [*i.e.,* § 2415(a)–(e) ]" (emphasis added). While it is true, as DOED points out, that prior to enactment of § 1091a the general contract limitations period established in § 2415(a) governed student loan enforcement actions, *see, e.g., Thomas,* 856 F.2d at 1166, 1169; *Gerrard,* 656 F.Supp. at 571–72, 574, the more specific provisions of § 1091a, if otherwise applicable, are not now somehow controlled or nullified by § 2415(f). *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); *Uncom-*

*pahgre Valley Water Users Ass'n v. FERC,* 785 F.2d 269, 275–76 (10th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); *United States v. O'Driscoll,* 761 F.2d 589, 598 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). Furthermore, we note that while § 1091a(a)(4) expressly incorporates the limitations exclusions set forth in 28 U.S.C. § 2416, it includes no reference at all to the exception for counterclaims established in § 2415(f).

