979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Johnnie BLAKE, Appellant,
v.
Jack KEMP, Secretary of Housing and Urban Development, Appellee.
 No. 92-1339.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss Johnnie Blake's (Blake) appeal for lack of jurisdiction. Blake opposes.
 
 
 2
 This matter stems from an appeal of a decision of the United States Department of Housing and Urban Development Board of Contract Appeals (HUDBCA or Board), holding that the Department of Housing and Urban Development (HUD) held a legally enforceable debt against Blake that could be referred to the Internal Revenue Service (IRS) for collection under the Deficit Reduction Act, 31 U.S.C. § 3720 A (1990).
 
 I.
 
 3
 Under the Deficit Reduction Act, a federal agency owed a "past due legally enforceable debt" may refer the debt to the IRS for offset collection through tax intercept. 31 U.S.C. § 3720 A (a). Federal agencies seeking to use the IRS offset program must promulgate regulations governing its operation within the agency. 26 C.F.R. § 301.6402-6T(b)(1) (1988). Pursuant to this requirement, HUD issued regulations governing general offset procedures. Under these regulations, HUD must first establish that the debt is owed and past due, and must then provide the debtor with written notice of the proposed IRS offset. 24 C.F.R. § 17.153 (1991). If the debt is disputed, the debtor has a right to present evidence before the HUDBCA. After weighing the evidence, the Board must determine whether the debt is delinquent and enforceable. The decision of the Board constitutes the final agency decision concerning the referral of a debt to the IRS for collection. 24 C.F.R. § 17.153 (1991).
 
 II.
 
 4
 On January 29, 1982, Blake and his former wife, Rebecca Lynne Blake, executed a promissory note with the Amoco Federal Credit Union (Amoco) for a $12,000 home improvement loan. The Secretary of HUD insured the loan against nonpayment. Blake and his former spouse defaulted on the note, and Amoco assigned the loan to the Secretary of HUD for collection. After several unsuccessful attempts to collect on the loan agreement, HUD notified Blake that it would request the IRS to offset the debt against any tax refund due him. Blake filed a request to present evidence before the Board that the debt was neither past due nor enforceable against him. After reviewing the evidence, the Board authorized the Secretary of HUD to refer the debt to the IRS for tax refund offset. This appeal followed.
 
 III.
 
 5
 It is well settled that federal courts are courts of limited jurisdiction marked out by Congress. Finley v. United States, 109 S.Ct. 2003, 2006 (1989) citing The Mayor v. Cooper, 73 U.S. (6 Wall.) 247, 252 (1868). Pursuant to 28 U.S.C. § 1295(10) (1988), this court has jurisdiction over an appeal from a final decision of an agency board of contract appeals which has been rendered pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et seq. (1988). Blake maintains that jurisdiction is proper here because the assignment of his loan agreement created a contractual relationship between himself and the United States cognizable under the Contract Disputes Act.
 
 
 6
 The Contract Disputes Act applies to contracts entered into by an executive agency for:
 
 
 7
 (1) the procurement of property, other than real property in being;
 
 
 8
 (2) the procurement of services;
 
 
 9
 (3) the procurement of construction, alteration, repair or maintenance of real property; or
 
 
 10
 (4) the disposal of personal property.
 
 
 11
 41 U.S.C. § 602(a) (1988).
 
 
 12
 Assuming without deciding that Blake has contractual privity with the government based on his assigned loan agreement, Blake's contract with HUD falls well outside the scope of the Contract Disputes Act. The United States was not a party to the original loan agreement. As the insurer of the note, the United States reimbursed the lender for the defaulted loan and proceeded against Blake for the balance of the note. See 12 U.S.C. § 1703 (1989). In doing so, the United States merely acted in furtherance of a longstanding government policy designed to encourage lending for the rehabilitation of private housing, and therefore did not benefit directly from the loan agreement. See Citizens Nat. Trust and Sav. Bank of Los Angeles v. United States, 270 F.2d 128, 133 (9th Cir.1959). Moreover, the actual relationship between Blake and HUD was not that of buyer and seller. Clearly, the loan agreement cannot be characterized as a contract with an executive agency for the procurement of goods, services or property, or the disposal of personal property. Nor is the contract for the construction, alteration, maintenance, or repair of real property. Hence, the Contract Disputes Act does not extend to Blake's contract.
 
 
 13
 As we recognized in G.E. Boggs and Assocs., Inc. v. Roskens, No. 91-1214 (Fed.Cir. July 2, 1992), not all government contracts are within the purview of the Contract Disputes Act. In Boggs, the court held that it lacked jurisdiction over an appeal from a decision of a Board of Contract Appeals where the Board's jurisdiction was not predicated on the Contract Disputes Act. Boggs, slip op. at 11. In the present case, the Secretary of HHS conferred jurisdiction on the Board under 24 C.F.R. § 20.4(b) (1991), to entertain Blake's claim. As in Boggs, the Board retained jurisdiction over his action without resort to the Contract Disputes Act. Because this court can only review Board decisions rendered pursuant to the Contract Disputes Act, 28 U.S.C. § 1295(10), we must dismiss Blake's appeal for lack of jurisdiction. Jurisdiction to review the HUDBCA's decision referring Blake's loan to the IRS for collection lies, if anywhere, in federal district court. See Jones v. Cavazos, 889 F.2d 1043 (11th Cir.1989); Grider v. Cavazos, 911 F.2d 1158 (5th Cir.1990); Hurst v. United States Dep't of Educ., 901 F.2d 836 (10th Cir.1990).
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 The United States' motion to dismiss is granted.