986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Counter-Defendant/Appellee,
v.
Merrill L. ALEXANDER; Virginia A. Alexander,
Defendants-Counter-Claimants/Appellants.
 No. 92-2128.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants Merrill and Virginia Alexander appeal the district court's dismissal of their counterclaim against the United States. The counterclaim asserted the tort claims of fraud, negligence, "per se" tort,[1] and intentional infliction of emotional distress. In May 1990 the Farmers Home Administration (FHA) initiated foreclosure proceedings on secured property owned by the defendants/appellants. The counterclaim was filed later that month and was subsequently dismissed in February 1991. At that time the Alexanders appealed the dismissal of the counterclaim to this court, but we lacked appellate jurisdiction pursuant to Fed.R.Civ.P. 54(b) since the foreclosure proceedings were still pending. (Case No. 91-2040.) The district court granted the United States' motion for summary judgment in May 1992, and the Alexanders again appeal.
 
 
 3
 Although we sympathize with appellants' misfortune in losing their family farm, we may only consider the legal issues presented before us. Appellants raise three points of contention for appeal on the dismissal of the counterclaim: (1) whether the action fell within the statutory period allowed by 28 U.S.C. § 2401(b); (2) whether the acts complained of were continuing and ongoing to bring the claim within the statutory period; and (3) whether the appellants alleged or provided evidence required to establish estoppel in the counterclaim. Appellants also contest the district court's order for summary judgment on the foreclosure claim. They assert: (1) the complaint was contrary to the law; (2) Coleman v. Block, 663 F.Supp. 1315 (D.N.D.1987), prevented FHA from accelerating the loan; and (3) the Government did not provide the district court with copies of the notes involved.
 
 I.
 
 4
 We review the district court's dismissal of the counterclaim de novo as a matter of law.
 
 
 5
 Appellants' contention that 28 U.S.C. § 2675(a) is not applicable to their counterclaim is correct. Although the district court does not rely on this section, appellee raises the notion that this section, requiring the exhaustion of administrative remedies prior to filing a claim against the United States, must be read in conjunction with 28 U.S.C. § 2401(b). The language of § 2675(a) specifically states, however: "The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Therefore, as the district court recognized, the viability of defendants' counterclaim rests solely on whether it meets the statutorily mandated time requirements laid out in 28 U.S.C. § 2401(b).
 
 
 6
 A counterclaim that seeks affirmative relief is an independent cause of action and must comply with the applicable statute of limitations. Hurst v. United States Dept. of Education, 901 F.2d 836 (10th Cir.1990). The statute of limitations under § 2401(b) reads:
 
 
 7
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
 
 
 8
 Appellants contend that although no action was taken within the two-year time frame, the statute of limitations should not bar recovery since they filed the suit within six months after final denial of their claim by the agency.
 
 
 9
 We find no tort claim for the purposes of § 2401(b) was ever filed with the FHA. Although appellants engaged in numerous verbal and written communications with the agency, they never specifically executed a written notification of the incident accompanied by a claim for money damages for sum certain, as required by 28 C.F.R. § 14.2(a)[2] Defendants' exhibits B-S, which accompanied defendants' response to the motion to dismiss the counterclaim, contain communications between Mr. Alexander and the FHA as well as other governmental and legislative entities. Although Mr. Alexander was quite clear in his disapproval of the handling of his situation, not once did he file an administrative claim with the FHA alleging tortious behavior and demanding a sum certain in damages.
 
 
 10
 Under the FTCA, the Government's waiver of sovereign immunity must be narrowly construed and liability cannot be predicated on the theory of actual or constructive notice. Dancy v. United States, 668 F.2d 1224, 1228 (Ct.Cl.1982). The proper remedy is dismissal if no administrative claim for sum certain was filed within the statutory time period. College v. United States, 572 F.2d 453 (4th Cir.1978). Moreover, since we hold that no claim was filed, it follows that the letter by Mr. Dickson does not constitute final agency denial of an administrative claim as appellant contends. Instead, Mr. Dickson's letter is more accurately characterized as a refusal to perform an investigation or audit. Therefore, appellants' contention that they filed within six months after final agency denial of their claim must be rejected since no claim was properly filed, nor a corresponding denial issued.
 
 
 11
 The second alternative issue raised by appellants is that the United States' alleged tortious acts were continuous and ongoing. The only evidence alleged by appellants in support of this theory is that the amount owed was misstated on the original foreclosure complaint. A miscalculation on the complaint by the United States does not rise to the level of a tort. For there to be a continuing tort, there must be continuing unlawful acts, not just continuing ill effects from the alleged original tort. Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981). There appears to be no evidence of continuing unlawful acts: therefore, the counterclaim falls outside the statutory time period.
 
 
 12
 Third, appellants contend they have alleged the elements necessary to establish estoppel against the Government in their counterclaim. Appellants misunderstand the doctrine of estoppel, as it is an affirmative defense. We agree with the district court that appellants do not assert evidence necessary to meet the elements in Lurch v. United States, 719 F.2d 333, 341 (10th Cir.1983), cert. denied, 466 U.S. 927 (1984), to estop the Government from foreclosure.
 
 II.
 
 13
 In challenging the district court's order for summary judgment on the foreclosure claim, appellants contend the district court failed to consider three important grounds for relief in this case. First, appellants contend Coleman v. Block, 663 F.S. 1315 (D.N.D.1987), prevented FHA from accelerating their loan. In actuality, the Coleman case declared, inter alia, that some FHA forms used were in violation of due process, barring acceleration in those cases until the due process requirements were met. Subsequently, this decision was vacated by Coleman v. Lyng, 864 F.2d 604 (8th Cir.1988), cert. denied, 493 U.S. 953 (1989), as Congress passed the Agricultural Credit Act of 1987, Pub.L. No. 100-233, 101 Stat. 1568 (1988), which in effect carried out the intent of the Coleman decision. Appellants do not allege any facts showing that the Agricultural Credit Act was not correctly applied to their foreclosure.
 
 
 14
 Second, appellants allege that the relief requested in the foreclosure complaint is contrary to law. Appellants have failed to demonstrate with any specificity how the law was misapplied in the granting of summary judgment.
 
 
 15
 Finally, appellants are concerned the United States did not furnish the district court with copies of the notes and mortgages involved. The notes and mortgages were indeed provided by the United States and are part of the record.
 
 
 16
 AFFIRMED The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We assume "per se" tort to mean negligence per se
 
 
 [2]
 28 C.F.R. § 14.2(a) reads in pertinent part:
 For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....