**In re Brenda J. BLAKE, Debtor.**

**Brenda J. Blake, Movant,**

**v.**

**U.S. Department of Education Internal Revenue Service, Respondents.**

**Bankruptcy No. 97–2–2130–PM.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Oct. 30, 1998.

Torin K. Andrews, Law Offices of Torin K. Andrews, Gaithersburg, MD, for Debtor.

Roger Schlossberg, Hagerstown, MD, trustee.

### MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

This matter comes before the court on debtor's motion for sanctions for violation of the automatic stay of 11 U.S.C. § 362(a). Debtor's motion was directed at both the U.S. Department of Education and the Internal Revenue Service. The United States of America, on behalf of the Internal Revenue Service, moved to dismiss this case for want of jurisdiction. The motion to dismiss was based upon the express language of 26 U.S.C. § 6402(e) that deprives this court of subject matter jurisdiction. While § 6402(e) prohibits actions directed at the Secretary of the Trea-

 

sury when the income tax refund setoff is being processed, it does not prohibit law suits against the originating agency over the validity of the request to execute an offset. *Thomas v. Bennett,* 856 F.2d 1165, 1167 (C.A.8 1988).

The Department of Education filed no response. It is clear that it has caused the setoff of a prepetition obligation owing it on account of a student loan against a postpetition obligation arising in favor of the debtor—her interest in her tax refund for the return filed for the year 1997. *See generally, In re Glenn,* 207 B.R. 418, 420–21 (E.D.Pa.1997).

11 U.S.C. § 553(a) provides:

**11 U.S.C. § 553. Setoff**

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . .

In substance, what the Department of Education did was cause the setoff of a debt that was not a mutual debt.

■ However, these facts do not compel a ruling that the debtor prevails in the motion as to the Internal Revenue Service. The party that violated the automatic stay was the Department of Education. The Department of Education is the agency causing the setoff of the sum of $537.03. Section 6402(e) does not prohibit suits "brought to restrain or review a reduction authorized by subsections (c), (d), or (e)" of § 6402 against the agencies to which the reduction was paid. 11 U.S.C. § 6402(e). *See Thomas v. Bennett,* 856 F.2d 1165 (C.A.8 1988).

The court finds that the Department of Education has violated the stay of 11 U.S.C. § 362(a) by causing the setoff by the Internal Revenue Service. Debtor is entitled to a refund of $537.03, the pro-

ceeds diverted, and a reasonable attorney's fee, that this court finds to be in the amount of $450.00. An appropriate order will be entered.