T.C. Summary Opinion 2005-116

UNITED STATES TAX COURT

JOHN AND KRISTINE WOLFGRAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7152-04S.                    Filed August 8, 2005.

John and Kristine Wolfgram, pro se.

<u>Thomas D. Greenaway</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $623 in Federal income tax for petitioners' 2001 tax year. At trial, respondent conceded the deficiency. The issue for decision is whether the Court has jurisdiction to consider petitioners' arguments that respondent, under section 6402, incorrectly applied an overpayment of petitioners' 2001 Federal income taxes toward payment of an indebtedness owing by petitioner John Wolfgram (Mr. Wolfgram) to a Federal agency, and that petitioner Kristine Wolfgram (Mrs. Wolfgram) is entitled to a refund as an injured spouse under section 301.6402-6(i), Proced. & Admin. Regs.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Fair Oaks, California. At the time of trial, petitioners were residing at Foresthill, California.

Petitioners filed a joint Federal income tax return for 2001. On that return, petitioners reported $63,411.38 in wage and salary income, $787.51 in taxable refunds of State and local income taxes, and $2,350 in Schedule C-EZ, Net Profit From Business, income. The return showed a tax of $2,861, Federal income tax withholdings of $5,235.66, and an overpayment of $2,374.66. Petitioners elected that the entire overpayment be applied to their 2002 estimated tax. Respondent did not do that. Respondent instead issued a notice of deficiency, determining a

deficiency of $623 based on the failure of petitioners to include as gross income on their return $4,147 in wage and salary income. The $623 determined deficiency reduced petitioners' overpayment from $2,374.66 to $1,751.66. Although the sequence of events is not entirely clear from the record, petitioners were advised at some point that respondent proposed to transfer, transmit, or pay the overpayment under section 6402(d) to a Federal agency (which was not named at trial) as a setoff or payment of an indebtedness owing solely by Mr. Wolfgram. Mr. Wolfgram has not denied owing the indebtedness.

On or about this time, Mrs. Wolfgram filed with the IRS Form 8379, Injured Spouse Claim and Allocation, for a refund of all or a portion of the overpaid 2001 taxes, based on the fact that approximately 97 percent of the income reported on the 2001 income tax return represented her earnings, and, under appropriate provisions of the Internal Revenue Code, she would be "injured" if the overpayment of taxes attributable to her income was used to pay the separate indebtedness of her spouse. IRS agreed with that position, and, according to counsel for respondent at trial, one-half of the acknowledged overpayment of $1,751.66 was paid to her.

When the case was called for trial, counsel for respondent orally conceded the $623 deficiency after petitioners satisfied counsel that the omitted wage and salary income had been included

as gross receipts on Schedule C-EZ of their return. The case was tried solely on petitioners' contention that 97 percent of the remaining overpayment ($2,374.66 less the prior refund of approximately $875.83) should be paid to Mrs. Wolfgram, since 97 percent of the income reported on the return was income earned by her, and, additionally, petitioners claimed that, even though they resided in California, which is a community property State, petitioners had a separation of property agreement under which all of Mrs. Wolfgram's income constituted her separate property, and all of Mr. Wolfgram's earnings were community property.

This case calls for the review of a reduction of an overpayment under section 6402(d). Section 6402(f) provides that no court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction under section 6402(c), (d), or (e), which applies to the facts of this case. The Court notes that the flush language of section 6402(f) states that the prohibition of a court review does not preclude any legal, equitable, or administrative action against the Federal agency to which the overpaid taxes were paid. This Court, therefore, has no jurisdiction to consider the merits

of petitioners' arguments.[2]  See <u>Wooten v. Commissioner</u>, T.C. Memo. 2003-113.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and</u>

<u>decision will be entered.</u>

---

[2]In <u>Thomas v. Bennett</u>, 856 F.2d 1165 (8th Cir. 1988), the court held that the purpose of the jurisdictional limitation is to relieve the Secretary of the Treasury from the burden of handling challenges to the substantive merits of debts underlying requested refund setoffs, and that Congress determined that the appropriate place for litigation of such claims is with the agency to which the obligation is owed, recognizing that the IRS does not have the information and resources needed to adjudicate the validity of the underlying obligation.